1  Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
   Michael J. Manning, Esq. (State Bar No. 286879)
2  Craig G. Côté, Esq. (State Bar No. 132889)
3  **MANNING LAW, APC**
   20062 S.W. Birch St., Suite 200
4  Newport Beach, CA 92660
5  Office: (949) 200-8755
   ADAPracticeGroup@manninglawoffice.com
6
   Attorneys for Plaintiff
7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10

11 | S.T., a minor, by and through her | **Case No**. |
12 | Guardian *Ad Litem,* JAN THOMAS, | **Complaint For Damages And** |
13 |             Plaintiff, | **Injunctive Relief For:** |
14 | v. | 1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.* |
15 |  |  |
16 | LYNWOOD MEDICAL, LLC, a |  |
17 | California Limited Liability Company; SOHAIL SAM MAHBOUBIAN; NOOSHIN MAHBOUBIAN, individuals, as trustees of THE INTERCONTINENTAL TRUST DATED APRIL 4, 2006; and DOES 1-10, inclusive, | 2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq*. |
18 |  |  |
19 |  |  |
20 |  |  |
21 |  |  |
22 |  |  |
23 |  |  |
24 |             Defendants. |  |

25
26     Plaintiff, S.T. ("Plaintiff"), a Minor by and through her Guardian *ad* litem,
27 JAN THOMAS, complains of Defendants LYNWOOD MEDICAL, LLC, a
28 California Limited Liability Company; SOHAIL SAM MAHBOUBIAN;

1
COMPLAINT

NOOSHIN MAHBOUBIAN, individuals, as trustees of THE INTERCONTINENTAL TRUST DATED APRIL 4, 2006; and Does 1-10 ("Defendants") and alleges as follows:

## PARTIES:

1. Plaintiff, S.T. is fifteen-years-old and suffers from cerebral palsy and spastic quadriplegia, disabilities that necessitate the use of a wheelchair for mobility. Plaintiff is a California resident. Plaintiff has also been diagnosed as having a developmental disability and requires full assistance with tasks like toileting and is otherwise substantially limited in performing substantially all major life activities, including but not limited to: walking, standing, ambulating, sitting and grasping objects. With such disabilities, Plaintiff is a "qualified person with a disability" within the meaning of all applicable statues as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2), 42 U.S.C. §12131(2), 29 U.S.C. §705(20)(B), California Government Code §12926 and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.

2. Plaintiff brings this action acting as a "private attorney general" as permitted under the American with Disabilities Act of 1990 ("ADA") to privatize enforcement of the ADA without the American tax payer(s) bearing the financial tax burden for such action.

3. Plaintiff is informed and believes and thereon alleges that Defendant LYNWOOD MEDICAL, LLC, a California Limited Liability Company ("Business"), owned, operated, and controlled medical offices located at the Subject Property from December 11, 2015 through March 1, 2019.

4. Plaintiff is informed and believes and thereon alleges that Defendants

SOHAIL MAHBOUBIAN AND NOOSHIN MAHBOUBIAN, trustees of THE INTERCONTINENTAL TRUST DATED APRIL 4, 2006, owned the property located at 3737 Martin Luther King Jr. Blvd. Lynwood, CA 90262 ("Subject Property") from December 11, 2015 through March 1, 2019 and continue to do so as of the time of this Complaint.

5. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the subject property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA").

7. This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act ("UCRA") claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this court pursuant to 28 U.S.C. §1391 because the real property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff is required to visit the Subject Property because it is the location where her primary care physician's office is located. She went to the Subject Property on or about December 11, 2015; January 22, 2016; March 11, 2016; April 4, 2016; April 21, 2016; July 29, 2016; August 22, 2016; August 26, 2016; January 3, 2017; July 20, 2017; October 6, 2017; December 4, 2017; December 15, 2017; March 30, 2018; July 26, 2018; August 30, 2018; and March 1, 2019 with the purpose of visiting her primary care physician. Plaintiff will return to the Subject Property for the foreseeable future to visit her primary care physician

10. The Businesses occupying the Subject Property, in particular the office occupied by Plaintiff's primary care physician, are facilities open to the public, places of public accommodation, and business establishments.

11. Parking spaces are one of the facilities, privileges and advantages reserved by defendants to persons at the Subject Property serving the Businesses.

12. Unfortunately, although parking spaces were one of the facilities reserved for patrons, there were no designated parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines ("ADAAG") from December 11, 2015 through March 1, 2019.

13. Additional accessibility barriers existed on the interior of the Subject Property.

14. At the times listed above, instead of having architectural barrier free facilities for patrons with disabilities, Defendants had: a passenger drop off and loading zone that is not accessible (Section 503.1); a walkway that contains abrupt vertical edges and variations over ¼ inch (Section 303.3; 303.2); an inaccessible route from the designated accessible parking area to the entrance of the Business (Section 208.3.1); a handrail that does not have a compliant extension at the bottom of the stair flight (Section 505.10.3); a handrail that projects less than 12 inches

beyond the landing at the top of the stairs parallel to the floor or ground (Section 505.10.2); an exterior stair way that projects more than 4 inches into the circulation path (Section 307.2); in the bathroom, an apron at the sink that projects too low to the floor, while the height of the sink exceeds ADA Standards (Section 306.3.1); and an elevator with intermittent operability – causing Plaintiff to have to be carried up and down stairs on at least one occasion (Section 206.2.3). There was no compliant designated disabled parking serving the Business designed for persons with disabilities.

15. Plaintiff is informed and believes and thereon alleges Defendants had no policy or plan in place to make sure that there was a compliant accessible parking reserved for persons with disabilities prior to December 11, 2015.

16. Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the designated disabled parking for persons with disabilities comport with the ADAAG.

17. The designated disabled parking spaces for use by persons with disabilities are a tip over, crash, fall hazard or trip hazard because it contains a built up curb ramp and contains excessive cross slopes.

18. Plaintiff personally encountered these barriers. The presence of these barriers related to Plaintiff's disability denies Plaintiff his right to enjoy accessible conditions at a public place of accommodation and invades legally cognizable interests created under the ADA.

19. The conditions identified *supra* in paragraphs 14 are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, ambulating, sitting and grasping objects and is the holder of a disabled parking placard and because the enumerated conditions relate to the use of the accessible parking, relate to the slope and

condition of the accessible parking and accessible path to the accessible entrance, relate to the width of the accessible path to the accessible entrance, relate to the safety of the accessible path to the accessible entrance, and because a van accessible space may be used by the driver of a vehicle other than a van.

20. As an individual with a mobility disability who is dependent upon a wheelchair or other mobility devices, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

21. Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing herself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law.

22. The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

23. The violations identified above are easily removed without much difficulty or expense.  They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove.  Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

24. Plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, the plaintiff can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

25. Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that the failure to remove these barriers was

intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location prior to December 11, 2015, (3) the lack of accessible facilities was not an accident because had the defendants intended any other configuration, they had the means and ability to make the change.

26. Without injunctive relief, Plaintiff will continue to be unable to fully access Defendants' facilities in violation of Plaintiff's rights under the ADA.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*.

27. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

28. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

      c.    A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

29. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2.0%) in all directions. 1991 Standards § 4.6.2. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4. "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Here the failure to provide a level access aisle in the designated disabled parking space is a violation of the law and excess slope angle in the access pathway is a violation of the law.

30. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

31. Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

32. Given its location and options, Plaintiff will continue to desire to patronize the Business but she has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## SECOND CAUSE OF ACTION

**VIOLATION OF THE UCRA, CALIFORNIA CIVIL CODE § 51 *et seq.***

33.  Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

34.  California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendants are systematically violating the UCRA, Civil Code § 51 *et seq.*

35.  Because Defendants violate Plaintiff's rights under the ADA, they also violated the UCRA and are liable for damages. (Civ. Code § 51(f), 52(a).) These violations are ongoing.

36.  Plaintiff is informed and believes and thereon alleges that Defendants' actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because Defendants have been previously put on actual or constructive notice that the Business is inaccessible to Plaintiff. Despite this knowledge, Defendants maintain their premises in an inaccessible form, and Defendants have failed to take actions to correct these barriers.

## PRAYER

**WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

1.  A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Property; **Note: Plaintiff is not invoking section 55, *et seq*, of the California Civil Code and is not seeking injunctive relief under the Disable Persons Act (Cal. C.C. §54) at all.**

2.  An award of actual damages and statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code;

3. An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4. For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52;

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: April 19, 2019  **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
Joseph R. Manning Jr., Esq.
Michael J. Manning, Esq.
Craig G. Côté, Esq.
Attorneys for Plaintiff