Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
**MANNING LAW, APC**
20062 S.W. Birch St., Ste. 200
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.T., a minor, by and through her Guardian Ad Litem, JAN THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> LYNWOOD MEDICAL, LLC, a California Limited Liability Company; SOHAIL SAM MAHBOUBIAN; NOOSHIN MAHBOUBIAN, individuals, as trustees of THE INTERCONTINENTAL TRUST DATED APRIL 4, 2006; and DOES 1-10, inclusive, <br><br> Defendants. | **Case No.** 2:19-cv-03163-CJC-JEM <br><br> **PLAINTIFF'S CASE STATEMENT** |

Pursuant to this Court's "ADA Disability Access Litigation: Order Staying Action and Requiring Early Mediation," entered June 5, 2019, Plaintiff submits her ADA Mediation Statement.

1

## A. INTRODUCTION

Plaintiff is a minor California resident who suffers from cerebral palsy and spastic quadriplegia, disabilities that necessitate the use of a wheelchair for mobility. Plaintiff has also been diagnosed as having a developmental disability and requires full assistance with tasks like toileting and is otherwise substantially limited in performing substantially all major life activities, including but not limited to: walking, standing, ambulating, sitting and grasping objects. With such disabilities, Plaintiff is a "qualified person with a disability" within the meaning of all applicable statues as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2), 42 U.S.C. §12131(2), 29 U.S.C. §705(20)(B), California Government Code §12926 and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq..

Plaintiff personally visited Defendants' facility on or around December 11, 2015; January 22, 2016; March 11, 2016; April 4, 2016; April 21, 2016; July 29, 2016; August 22, 2016; August 26, 2016; January 3, 2017; July 20, 2017; October 6, 2017; December 4, 2017; December 15, 2017; March 30, 2018; July 26, 2018; August 30, 2018; and March 1, 2019 with the purpose of visiting her primary care physician. Plaintiff will return to the Subject Property for the foreseeable future to visit her primary care physician and to ensure that the facility is complying with federal and state law. Plaintiff has been denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendants'

facility located at 3737 Martin Luther King Jr. Blvd. Lynwood, CA 90262 (the "Property").

### B. ITEMIZED LIST AND NARRATIIVE

The specific conditions that form the basis of the lawsuit include the following:

1. A passenger drop off and loading zone that is not accessible (ADAAG Section 503.1);

2. A walkway that contains abrupt vertical edges and variations over ¼ inch (Sections 303.3 and 303.2);

3. An inaccessible route from the designated accessible parking area to the entrance of the Business (Section 208.3.1);

4. A handrail that does not have a compliant extension at the bottom of the stair flight (Section 505.10.3);

5. A handrail that projects less than 12 inches beyond the landing at the top of the stairs parallel to the floor or ground (Section 505.10.2);

6. An exterior stairway that projects more than 4 inches into the circulation path (Section 307.2);

7. In the bathroom, an apron at the sink that projects too low to the floor, while the height of the sink exceeds ADA Standards (Section 306.3.1); and

8. An elevator with intermittent operability – causing Plaintiff to have to be carried up and down stairs on at least one occasion (Section 206.2.3).

## C. AMOUNT OF DAMAGES

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Under the Unruh Act, a party that discriminates against a plaintiff in violation of Civ. Code § 51 shall be liable for actual damages, up to three times actual damages but "in no case" less than $4,000.00 for each time that she was discriminated against. Cal. Civ. Code § 52(a). Plaintiff claims $68,000 in total statutory damages based upon 17 visits to the Property. Jan Thomas will also claim $68,000 in total statutory damages based on the 17 visits to the Property once she is joined to the suit as an additional plaintiff (see *infra*).

## D. AMOUNT OF ATTORNEY'S FEES AND COSTS

Plaintiff claims $10,000 in attorney's fees and costs. This includes attorney's fees and costs incurred up to and including the mediation, including a CASp inspection, drafting a settlement agreement to accomplish ADA compliance by Defendants, the establishment of a special needs trust in the name of Plaintiff, and to monitor and assist with all prospectively.

## E. DEMAND FOR SETTLEMENT OF CASE

Plaintiff has standing to seek injunctive relief for all barriers contained on Defendants' Property, because "[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit,

permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008). Because Plaintiff has encountered multiple barriers described in the itemized list of Part B to this Case Statement, Plaintiff has standing to seek and obtain injunctive relief requiring Defendants to remove all access barriers contained on the Property.

To obtain the relief sought herein, and settle this matter at mediation, Defendants should pay $146,000 in total monetary consideration.

### F. PLAINTIFF'S INTENT TO FILE AN AMENDED COMPLAINT

When the early mediation process has concluded and the stay on the instant action is lifted, Plaintiff will file an amended complaint that will assert the following: Defendants also discriminated against Plaintiff's mother and caregiver, Jan Thomas, by denying her full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of the facility during each visit because of Jan Thomas' association with Plaintiff. 42 U.S. Code § 12182(b)(1)(E). Specifically, as Plaintiff's caregiver, Jan Thomas was present at each of Plaintiff's visits to Defendants' facility and was also personally affected by the access barriers encountered by Plaintiff. In addition to the parking and access isle barriers that Jan Thomas experienced alongside Plaintiff, on at least one occasion, Jan Thomas physically carried Plaintiff and Plaintiff's wheelchair up and down stairs to reach Plaintiff's doctor's office when the facility's elevator had unreasonably been

5
PLAINTIFF'S CASE STATEMENT

switched off.

Dated: June 19, 2019         **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
   Joseph R. Manning Jr., Esq.
   Michael J. Manning, Esq.
   Craig G. Côté, Esq.
   Osman M. Taher, Esq.
   Attorneys for Plaintiff